# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDRE WILSON,**

      **Plaintiff,**

**v.**                                                   **Civil Action No. 1:08cv202**
                                                               **(Judge Keeley)**

**DELMOS GRAHAM, RICHARD STASNY,**
**STEVEN HYRE, JAMES GEORGE, MIKE**
**MUSSI, DONALD HIGGANS, STEVEN**
**FINCHAM AND JAMES SMITH,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This case is before the Court on the plaintiff's motion to amend. In the motion, the plaintiff seeks to re-assert defendants who were voluntarily dismissed from this case on July 7, 2009.[1] The defendants object to the plaintiff's motion for the following reasons:

(1) because defendants Stasny, Hyre, George, Higgans and Mussi were named in the original complaint, and then dismissed, the plaintiff's request is not a motion to amend;

(2) if the plaintiff wished for defendants Stasny, Hyre, George, Higgans and Mussi to remain in the case, he should have appealed the Court's order dismissing those defendants;

(3) even if it is proper for the plaintiff to amend his complaint in such a manner, the plaintiff's late request is prejudicial to the defendants and should be denied.

(4) the new theory of liability that the plaintiff asserts against defendants Stasny, Hyre, George, Higgans and Mussi, existed at the time the complaint was filed and should have

---

[1] Specifically, the plaintiff seeks to "re-instate" defendants Stasny, Hyre, George, Higgans and Mussi "back into this case."

been raised it at that time;

(5) the plaintiff voluntarily dismissed defendants Stasny, Hyre, George, Higgans and Mussi, and his *pro se* status alone should not be sufficient to allow him to amend; and

(6) the plaintiff has an sufficient alternate remedy.[2]

For the reasons set forth by the defendants, the undersigned recommends that the plaintiff's Motion to Amend the complaint (dckt. 51) be **DENIED**.

In his complaint, the plaintiff alleged claims against defendants Stasny, Hyre, George, Higgans and Mussi. However, in response to the defendants motion to dismiss, the plaintiff conceded that he had failed to state a claim against those defendants. Thus, he *voluntarily* requested that those defendants be dismissed. That request was granted on July 7, 2009, and defendants Stasny, Hyre, George, Higgans and Mussi were dismissed without prejudice from this case.

Shortly after that date, the Court entered a scheduling order setting a discovery deadline. The parties have conducted discovery since that time, and discovery is due to be completed by November 5, 2009. Because they were dismissed from this case, defendants Stasny, Hyre, George, Higgans and Mussi have not participated in the discovery process and would likely not have sufficient time to complete discovery by the current deadline. Thus, to re-assert them as defendants in this action, at this time, would clearly be prejudicial.

The Court recognizes that the discovery deadline could be extended to accommodate the requested amendment. However, the plaintiff supplies no valid justification for delaying the prosecution of this case, especially where, as here, the plaintiff *voluntaril*y dismissed the defendants

---

[2] The defendants assert that, because the plaintiff's claims against Stasny, Hyre, George, Higgans and Mussi were dismissed without prejudice, he is not foreclosed from filing a second action against those defendants.

and has not offered a reasonable excuse for not presenting his "new" claim at the time the case was filed. The "new" claim that the plaintiff now wishes to assert against defendants Stasny, Hyre, George, Higgans and Mussi, existed at the time this case was filed. Moreover, as noted by the defendants, the plaintiff's *pro se* status alone is not sufficient grounds for allowing the requested amendment and there is no prejudice to the plaintiff in denying his motion. Defendants Stasny, Hyre, George, Higgans and Mussi were dismissed without prejudice and the plaintiff is not foreclosed from filing a separate action against those defendants.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to the plaintiff's last known address as shown on the docket, and to counsel of record via electronic means.

DATED: September 17, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE