IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDRE' WILSON,**

        **Plaintiff,**

**v.**                         //      **CIVIL ACTION NO. 1:08CV202**
                                              **(Judge Keeley)**

**DELMOS GRAHAM and**
**JAMES SMITH,**

        **Defendants.**


**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
   REPORT AND RECOMMENDATION (DKT. NO. 66) AND DENYING
 PLAINTIFF'S MOTION FOR AMENDED COMPLAINT (DKT. NO. 51 AND
 DENIES AS MOOT PLAINTIFF'S MOTIONS (DKT. NOS. 67 AND 76)**

Pending before the Court is the second Report and Recommendation of United States Magistrate Judge David J. Joel, dated September 19, 2001 (dkt. no. 66) ("second R&R"). For the reasons set forth in this Memorandum Opinion and Order, the Court adopts the second R&R in its entirety and **DENIES** the plaintiff, Andre Wilson's ("Wilson"), Motion for Amended Complaint.

I.  **PROCEDURAL HISTORY**

On November 14, 2008, Wilson, who is a prisoner in the custody of the West Virginia Division of Corrections, filed this pro se civil rights complaint, alleging that correctional officers at the Huttonsville Correctional Facility used excessive force against him in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. On July 7, 2009 (dkt. no. 39), the Court adopted-in-part the first Report and Recommendation of Magistrate

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION FOR AMENDED COMPLAINT AND
DENYING AS MOOT DKT NOS. 67 AND 76**

Judge Joel (dkt. no. 33) ("first R&R"), and dismissed the claims against defendants Donald Higgins, Steven Hyre, Mike Mussi, Richard Stasny, Steven Fincham and James George ("dismissed defendants") for failure to state a claim upon which relief could be granted.[1] Noting, however, that Wilson's claims against defendant James Smith ("Smith") were not about excessive force, but rather about Smith's failure either to halt or document the alleged beatings endured by Wilson, the Court rejected the portion of the first R&R recommending that Wilson's claims against Smith also be dismissed. According to Wilson, Smith's indifference was willful and deprived him of his constitutional rights.

## II. MOTION FOR AMENDED COMPLAINT

In the motion filed on August 20, 2009, Wilson seeks to amend his complaint to add a claim of "failure to intervene" against the previously dismissed defendants. Defendants Smith and Delmos Graham ("remaining defendants") oppose this motion because it was not timely filed and the claims Wilson seeks to add were known to him when he first filed suit. Additionally, they note that Wilson did

---

[1] Wilson did not object to the recommendation of the dismissal of these defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION FOR AMENDED COMPLAINT AND
DENYING AS MOOT DKT NOS. 67 AND 76**

not object on any grounds at all to the dismissal of these defendants from the case.

Magistrate Judge Joel recommended that Wilson's motion be denied on the grounds asserted by the remaining defendants. Wilson filed timely objections (dkt. no. 72). Thus, the Court is obliged to review the second R&R de novo with respect to any issues specifically objected to by Wilson. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003).

Wilson argues that leave to amend is to be "freely given" under the Federal Rules of Civil Procedure and that his pro se status prevented him from recognizing the claims he now seeks to add. He also incorporates by reference his Motion to Supplement Motion to Amend Complaint (dkt. no. 67), filed shortly after the issuance of the second R&R. In that motion, Wilson avers that, in his prison environment, he has limited ability to conduct legal research, which should excuse his failure to include the new claims in his original complaint.

Wilson, however, clearly understood the nature of a deliberate indifference or failure to intervene claim well before he filed his Motion for Amended Complaint on August 20, 2009. Indeed, in his original complaint Wilson averred that Smith had failed to

3

**WILSON V. SMITH, ET AL.**                                        **1:08CV202**

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION FOR AMENDED COMPLAINT AND
DENYING AS MOOT DKT NOS. 67 AND 76**

intervene to stop the alleged beatings by the other defendants. (Dkt. no. 1 at 5-6). Again, in his objections to the first R&R, Wilson clearly articulated a deliberate indifference theory against Smith.

Wilson's motion to amend is untimely, having been filed well over four months after Magistrate Judge Joel issued his first R&R in this case. If Wilson did have objections to the dismissal of the defendants, the proper time to have advised the Court was after the issuance of that R&R. Finally, as Magistrate Judge Joel correctly pointed out, denial of Wilson's motion will not unjustly deprive him of the right to have his claims heard as he is free to file a separate action against the previously dismissed defendants. On the other hand, allowing Wilson to bring the dismissed defendants back into the case now would prejudice both the previously dismissed defendants as well as the remaining defendants, who would be required to expend significant time and resources in a second period of discovery.

## CONCLUSION

For the reasons discussed, the Court **ADOPTS** the second R&R (dkt. no. 66) in its entirety, **DENIES** Wilson's Motion for Amended

**WILSON V. SMITH, ET AL.**                                          **1:08CV202**

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND DENYING
PLAINTIFF'S MOTION FOR AMENDED COMPLAINT AND
DENYING AS MOOT DKT NOS. 67 AND 76**

Complaint (dkt. no. 51), and **REFERS** the matter to Magistrate Judge Joel for further proceedings consistent with this Order. The Court **DENIES AS MOOT** Wilson's Motion to Amend Motion to Amend Complaint (dkt. no. 67) and Defendants' Motion to Strike the Plaintiff's "Motion to Supplement Plaintiff's Motion to Amend Complaint" (dkt. no. 76).

It is so **ORDERED**.

The Court directs the Clerk to mail a copy of this Memorandum Opinion and Order to the pro se plaintiff via certified mail, return receipt requested, and to counsel of record.

DATED: February 9, 2010

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE